**Federal Defenders**
OF NEW YORK, INC.

52 Dua[...]

David E. Patton
Executive Director
and Attorney-in-Chief

Jennifer L. Brown
Attorney-in-Charge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/10/2021

March 2, 2021

<u>VIA ECF</u>
Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <u>United States of America v. Joe Medina Serrano</u>
19 Cr. 351 (VM)

Honorable Judge Marrero:

    I write to request that Your Honor modify the conditions of Mr. Serrano's Supervised Release, removing the condition that requires Mr. Serrano to spend 6 months in a community reentry center. Mr. Serrano currently resides in Houston, Texas but has a job offer in Phoenix, Arizona. In order to accept the job, Mr. Serrano will need to transfer his jurisdiction of supervision from Texas to Arizona. However, the Probation Department in Arizona will not accept Mr. Serrano as a supervisee because of the home confinement condition. Because of COVID, there is no available placement for Mr. Serrano at a halfway house in Arizona. In consultation with the Probation Department, I am informed that the only way that Mr. Serrano can move to Arizona and accept the job offer is for the home confinement condition to be removed. The Probation Department takes no position whether or not the Court should remove the condition. Similarly, the government takes no position.

### Background

    In January of last year, pursuant to a plea agreement, Mr. Serrano pleaded guilty as a minor participant in a drug conspiracy. On October 16, 2020, the Court sentenced Mr. Serrano to time served, followed by a four-year term of supervision. As a special condition of Supervised Release, the Court ordered Mr. Serrano to "spend six (6) months in a community reentry center, either consecutive days, evenings, or weekends during the course of your four (4) years' supervised release according to a schedule to be arranged with the Probation Department." *See* Judgment, ECF Doc. No. 109. As explicitly stated in the Judgment, the schedule was intended to "enable [Mr. Serrano] to continue to work, attend to [his] medical care, and participate in community activities as approved by the Probation Department." *Id.*

    Since his release, Mr. Serrano has abided by all of the conditions if his release. He also has consistently worked. Most recently, he has been employed as a maintenance worker at an apartment complex in Houston, Texas.

The Honorable Victor Marrero                                                                 Page 2
March 2, 2021

               Re:     *United States v. Joe Medina Serrano,* 19 CR 351 (VM)

       Recently, Mr. Serrano was offered a better job opportunity in Phoenix, Arizona with Arizona Corrugated, a company at which two of Mr. Serrano's sons work. The new job pays more than his current employment, has more stability, and will allow Mr. Serrano to work with his sons. Phoenix is also the city where most of Mr. Serrano's closest family live. Indeed, Mr. Serrano's sister, with whom he currently resides, is relocating to Phoenix as well. If permitted to move to Arizona and take the job, Mr. Serrano will reside with his son Isaac.

       Before seeking the transfer to Arizona and at the start of his term of supervised release, Mr. Serrano asked to be placed in a community reentry center in Houston, but because of COVID his placement was derailed. As of now, there is no timeline when he could be placed in a Texas facility. Similarly, he cannot currently be placed in a community reentry center in Phoenix because of COVID. As a result, Arizona will not take Mr. Serrano as a supervisee if the home confinement remains a conditions of his supervised release.

Argument

       Section 3583(e)(2) of Title 18 provides that a court may, after considering the factors set forth in 18 U.S.C. 3553, modify or reduce the conditions of supervised release at any time prior to the expiration of the term. The requested modification-–again, the only way Mr. Serrano's supervision can be transferred to Arizona—serves the 3553(a) factors. If the modification is granted, Mr. Serrano will relocate to Arizona where he will be physically close to his supportive family and can pursue employment advancement. If the requested modification is not granted, Mr. Serrano will have to remain in Texas in a less favorable job and without his family. But because of the pandemic, even in Texas, he will not be placed in a halfway house. Accordingly, in these extraordinary circumstances and in light of Mr. Medina Serrano's perfect record while in the community, we respectfully submit that the Court should terminate the community confinement condition of Mr. Medina Serrano's supervised release.

Respectfully submitted,

/s/ Julia Gatto
Julia Gatto
Assistant Federal Defender
O: 212-417-8750
M: 347-528-6714

cc:     AUSA Daniel Nessim (via ECF)
         USPO Cynthia Moreno (via email)

---

The request to modify the terms of Mr. Serrano's supervision is denied. The Court clarifies that the required 6-month attendance at a community reentry center can be satisfied at a later time during Mr. Serrano's 4 years of supervised release, when COVID conditions allow.

SO ORDERED.

3/10/2021
DATE                                                  VICTOR MARRERO, U.S.D.J.